UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------X
FIDELIS OKOI,

               Plaintiff,

      -against-

EL AL ISRAEL AIRLINES,

               Defendant.
---------------------------------X

**MEMORANDUM OF DECISION AND ORDER**

Civil Action No. 05-5370 (DRH)(WDW)

**APPEARANCES:**

**LAW FIRM OF ANTHONY D. DENARO, P.C.**
Attorneys for Plaintiff
62 Nichols Court, Suite 200
Hempstead, New York 11550
By: Anthony D. Denaro, Esq.

**CLYDE & CO US LLP**
Attorneys for Defendant
405 Lexington Avenue
New York, New York 10174
By: Diane Westwood Wilson, Esq.
    Barry S. Alexander, Esq.

**HURLEY, Senior District Judge:**

      Presently before the Court is the Report and Recommendation of Magistrate Judge Wall recommending that Plaintiff's motion to amend the complaint be granted in limited part to allow correction of defendant's name and to withdraw any claim for exemplary damages and otherwise denied as futile. For the reasons set forth below, the Court adopts the Report and Recommendation.

1

*Background*

Plaintiff Fidelis Okoi ("Plaintiff" or "Okoi") commenced this action in Supreme Court, Nassau County seeking to recover for alleged tortuous interference with employment and racial discrimination during the performance of his employment duties as an Agriculture Inspector for the United States Department of Agriculture on August 31, 2002. Defendant El Al Israel Airlines ("El Al") removed the action to this Court. Plaintiff then moved to amend the complaint. The motion was denied ,without prejudice, *inter alia*, for failure to submit a proposed amended complaint.

Thereafter Plaintiff renewed the motion to amend and submitted a proposed amended complaint. Defendant opposed the motion on the basis of the futility of the proposed amendments.

On July 19, 2006, Judge Wall issued his Report and Recommendation (the "Report") finding the proposed amendments futile except to the extent of correcting the caption and eliminating the request for exemplary damages. Twenty-two days thereafter, Okoi submitted objections to the Report. In essence, Okoi argues that he was precluded from providing the factual support for the complaint that Judge Wall found lacking because of the requirement of Rule 8 of the Federal Rule of Civil Procedure that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Pro. 8. He then proceeds to attempt to supply the missing factual detail. Defendant's have submitted a Memorandum in Response to the Plaintiff's objections arguing that the Report should be adopted because the objections were untimely and because Okoi has failed to establish clear error.

*Discussion*

Rule 72(b) of the Federal Rules of Civil Procedure provides that "[w}ithin 10 days after being served with a copy of the recommended disposition, a party may serve and file specific, written objections to the proposed findings and recommendations." Fed. R. Civ. Pro. 72(b). In this case objections were due on August 7, 2006. Okoi had clear notice of the time for filing objections and the consequences for a failure to object. The Report clearly stated that any objections "must be filed with the Clerk of the Court with a courtesy copy to the undersigned with 10 days. Failure to file objections within this period waives the right to appeal the District Court's Order."

The Second Circuit had held that "[w[here parties receive clear notice of the consequences, failure to timely object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision." *Mario v. P & C Food Mkts,* 313 F.3d 758, 766 (2d Cir. 2002). A Court may, however, exercise discretion and review the report for clear error. *See Cablevision Sys. N.Y. City Corp. v. Guity,* 2006 U.S. Dist. Lexis 50009 at *2 (E.D.N.Y. 2006) (citing *Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 174 (2d Cir. 2000)).

Here, nothing on the face of the Report suggests plain error. As the Second Circuit has recently reiterated, although a complaint need only give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests, a "plaintiff must still allege those facts necessary to a finding of liability." *Amron v. Morgan Stanley Invest. Advisors Inc.,* 464 F.3d 338, 343 (2d Cir. 2006). Judge Wall's Report simply required Plaintiff's proposed amended complaint to meet that requirement and correctly found that it did not.

In its untimely objections to the Judge Wall's Report, Plaintiff supplies additional facts in an attempt to rectify the factual deficiencies found by Judge Wall. These new allegations were not in the proposed amended complaint and must be disregarded. *Kramer v. Time Warner,* 937 F.2d 767, 773 (2d Cir. 1991). Plaintiff may, however, re-seek leave to file an amended complaint which includes these allegations. The Court does not in any way imply that these allegations are sufficient and counsel for plaintiff is admonished to ensure that any new proposed amended complaint addresses both the legal and factual deficiencies noted by Judge Wall.

Accordingly, the Court adopts Judge Wall's Report. The Plaintiff's motion to amended the complaint is GRANTED solely to correct the name of the defendant and to eliminate references to exemplary damages and is otherwise DENIED.

**SO ORDERED**

Dated: Central Islip, New York
December 4, 2006

/s/
Denis R. Hurley
United States Senior District Judge