UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
FIDELIS OKOI,

                Plaintiff,

                                     **MEMORANDUM & ORDER**

EL AL ISRAEL AIRLINES,              Civil Action No. 05-5370 (DRH)(WDW)

                Defendant.
----------------------------------X

**APPEARANCES:**

**FIDELIS OKOI**
Plaintiff Pro Se
965 Wallace Avenue
Baldwin, New York 11510

**CLYDE & CO US LLP**
Attorneys for Defendant
405 Lexington Avenue
New York, New York 10174
By: Diane Westwood Wilson, Esq.
     Barry S. Alexander, Esq.

**HURLEY, Senior District Judge:**

       Plaintiff Fidelis Okoi ("Plaintiff" or "Okoi") commenced this action in Supreme Court, Nassau County seeking to recover for alleged tortuous interference with employment during the performance of his employment duties as an Agriculture Inspector for the United States Department of Agriculture on August 31, 2002. Defendant El Al Israel Airlines ("El Al") thereafter removed the action to this Court. Presently before the Court is Defendant's motion to dismiss the complaint, or in the alternative, for summary judgment.[1] For the reasons set forth below, the motion to dismiss is granted.

---

[1] It should be noted that Defendant served Plaintiff with a Notice to Pro Se Litigants in accordance with the Local Rules.

**PROCEDURAL BACKGROUND**

Okoi commenced this action in Supreme Court, Nassau County on June 1, 2005. Thereafter, El Al removed the action to this Court on the basis of diversity. On June 5, 2006, Okoi moved to amend the Complaint[2] to correct the caption, to remove all references to exemplary damages, and to assert four new causes of action. The four new proposed causes of action were (1) negligent interference with employment; (2) conspiracy to violate his civil rights pursuant to 42 U.S.C. §§ 1985 and 1981; (3) interference with his performance of official duties as a federal inspector in violation of 42 U.S.C. 1985(1); and deprivation of "his equal rights as an American citizen pursuant to 42 U.S.C. 1985(3) (depriving person of rights or privileges) and 42 U.S.C. Sec. 1982(3)." By Order dated December 4, 2006, this Court adopted the Report and Recommendation of Magistrate Judge Wall granting the motion to amend solely to correct the caption and eliminate the references to exemplary damages and denying the motion insofar as it sought to assert the new causes of action. The Court found that the proposed new claims were futile. Although the Court's Order did provide that "Plaintiff may . . . re-seek leave to file an amended complaint," no further leave to amend was sought. From the filing of the complaint until July 2007, Plaintiff was represented by counsel. On July 9, 2007, Judge Wall granted Plaintiff's then counsel leave to withdraw.

**FACTUAL ALLEGATIONS**

The following allegations are taken from the complaint.

---

[2] An earlier motion to amend was denied "without prejudice to renewal upon the submission of a proposed amended complaint and more detail about the changes that the proposed amended complaint makes to the original complaint."

On or about August 31, 2002, El Al requested an inspection from the United States Department of Agriculture (the "USDA") at John F. Kennedy International Airport. Okoi, an USDA employee, to wit an agriculture inspector, was assigned to perform the task. When he arrived at the El Al terminal, Okoi had to wait because the aircraft to be inspected had not yet landed. Once he was informed that the aircraft had "landed and blocked at the ramp," Okoi used his Port Authority identification card to open the door to the ramp and proceeded to the aircraft. When he reached the aircraft, there were no El Al employees at the entrance so Plaintiff boarded the plane without showing any identification. (Compl. ¶¶ 4-6.)

While performing his inspection, Okoi was approached by an El Al security guard who demanded to know who he was and what he was doing. Okoi presented his Port Authority identification card and explained he was performing an inspection for agricultural contraband. The security guard demanded Okoi "surrender" his card , which Okoi refused to do because he was wearing his official USDA uniform and performing an inspection required by the USDA. Additional security guards were called over and surrounded Plaintiff, who called the Plant Protection and Quarantine Desk to notify them of the incident. "Again he [Okoi] notified all security guards that he was there to perform his duties as an aircraft inspecting office and was not there to do any damage to the aircraft. At this point, all security guards left Mr. Okoi and he was able to complete the inspection . . . ." (Compl. ¶¶ 7-11.)

Having completed the inspection, Okoi proceeded to "the manager's desk" when a Port Authority Police Swat Team arrived and began questioning him about the incident aboard the aircraft. Okoi was then arrested for allegedly reporting to the El Al security guard that "he [sic] could blow up the aircraft if I wanted to." Okoi denies, in his complaint, having made any such

statement. (Compl. ¶¶ 12-14.) After his arrest, Okoi was confined for twenty-four (24) hours before given an opportunity to appear before a judge, after which he was released without bond. (Compl. ¶ 14.)

Okoi tried to report to work but was not allowed by management because the Port Authority police had confiscated his identification card. He requested annual leave, which although approved by his supervisor was denied by the Director of the USDA, resulting in his being "AWOL." (Compl. ¶ 16.)

As a result of the alleged "blow up the aircraft" remark, Plaintiff was criminally charged with "Falsely Reporting an Incident" and pleaded guilty. (Compl. ¶¶ 17-18.)[3]

According to the complaint, Okoi is African American "and believes that based on his race he was subject to racial profiling by agents of El Al. Based on information and belief, Caucasian Inspectors are not subjected to the same disparaging treatment when performing their inspection duties with El Al." (Compl. ¶ 19.) The sole cause of action alleged is "tortious interference with employment." (Compl. ¶ 20.)

In opposition to Defendant's motion, Plaintiff has filed various documents, including one entitled "Complaint with Jury Demand," (*see* Docket No. 48, hereinafter "Proposed Complaint"). Contrary to the assertion in the Complaint that was actually filed and served, the Proposed Complaint alleges that Plaintiff was unable to complete his inspection because of the interference by the El Al security officers. The Proposed Amended Complaint alleges that an El Al security

---

[3] While the allegations of the complaint seem to assert that Plaintiff pled guilty to the original charge, the Court takes judicial notice of the contents of Okoi's record with the Criminal Court of the City of New York for the County of Queens which reveals that while Okoi was charged with "Falsely Reporting an Incident in the First Degree," N.Y. Penal Law § 240.60-1, he pled guilty to "Disorderly Conduct," N.Y. Penal Law § 240.20.

officers stated the "trouble occurred when a black man ran past,"[4] and that "[a]fter the plea deal the Port Authority Police in conjunction with the US Department of Agriculture issued a Port Restricted Area ID Card to Plaintiff." The Proposed Amended Complaint purports to assert new causes of action for (1) "Discrimination Based on Racial Profiling," because "defendant engaged in discriminatory behavior based on plaintiff[']s race when Okoi was racially profiled/slurred." (Proposed Am. Compl. ¶¶ 55-57); (2) "Hostile Work Environment Based on Race" because "defendant created a hostile work environment for plaintiff based upon race by subjecting him to discriminatory treatment in violation of Title VII of the Civil Rights Act (*id.* at ¶¶ 58-60); and Threatening to Blow-Up El Al Aircraft - False Claim based on Race" because 'Defendant formulated a false threat to blow up an aircraft claim against plaintiff based upon race, by subjecting him to discriminatory treatment, in violation of Title VII of the Civil Rights Act (*id.* at 663).

## DISCUSSION

### I.   Standard for Motion to Dismiss

Rule 8(a) provides that a pleading shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court

---

[4] Plaintiff's opposition documents contain additional allegations which are not set forth above because they are not directed to El Al, the sole named defendant. For example, it is alleged that the "police failed to listen to Plaintiff's claims and investigate El Al's statement to TSA Federal Investigator" (Pl.'s Obj. to Rule 56.1 Statement to Dismiss (Docket No. 47) at 14 (unnumbered in original)) and that the "USDA placed Plaintiff (Okoi) a black federal officer on AWOL immediately following Okoi's arrest, contrary to what USDA did when 11/Eleven white federal officers were alleged of AWOL crime . . ." (*Id.* at 16.) It should be noted that Plaintiff's papers reference an EEOC filing against the USDA, (*see id.* at 15; letter dated July 15, 2008 (docket no. 48)), leading one to conclude that he is separately pursuing his claim against his employer.

recently clarified the pleading standard applicable in evaluating a motion to dismiss under Rule 12(b)(6).  In *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007), the Court disavowed the well-known statement in *Conley v. Gibson*, 355 U.S. 41 (1957) that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* at 45-46.  Instead, to survive a motion to dismiss under *Twombly*, a plaintiff must allege "only enough facts to state a claim to relief that is plausible on its face."  127 S. Ct. at 1974.

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Id.* at 1964-65 (citations and internal quotation marks omitted).

The Second Circuit has stated that *Twombly* does not require a universally heightened standard of fact pleading, but "instead requir[es] a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible*."  *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007).  In other words, *Twombly* "'require[s] enough facts to 'nudge[plaintiffs'] claims across the line from conceivable to plausible.'"  *In re Elevator Antitrust Litig.*,502 F.3d 47, 50 (2d Cir. 2007) (quoting *Twombly*, 127 S. Ct. at 1974)).  Although *Twombly* did not make clear whether the plausibility standard applies beyond the antitrust context, the Second Circuit has "declined to read *Twombly's* flexible 'plausibility standard' as relating only to antitrust cases."  *ATSI Commn's, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 n.2 (2d Cir. 2007).  As always,

the Court must "accept[] all factual allegations in the complaint and draw[] all reasonable inferences in the plaintiff's favor." *ATSI Commcn's, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007).

Additionally, this Court must construe pro se complaints liberally, applying a more flexible standard to evaluate their sufficiency than the standard used to review complaints submitted by attorneys. *Lerman v. Bd. of Elections in City of New York*, 232 F.3d 135, 140 (2d Cir. 2000). Pro se pleadings must be read liberally and interpreted "to raise the strongest arguments that they suggest." *MacPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999).

## II. The Complaint's Claim for Tortious Interference with Employment

Under New York law, the elements of a cause of action for tortious interference with employment contracts are "(1) the existence of a valid contract between the plaintiff and a third party; (2) defendant's knowledge of the contract; (3) defendant's intentional procurement of the third party's breach of contract without justification; (4) actual breach of contract; and (5) damages resulting from the breach. . . . *Genal Strap Inc.* v. *Dar*, 2005 WL 525547, at *2 (E.D.N.Y. Feb. 28, 2005) (citations omitted). Measured against this standard, Plaintiff's complaint must be dismissed.

The absence of any allegation of an employment contract between Okoi and the USDA warrants dismissal of this claim. *See Scutti Enterprises, LLC v. Park Place Entertainment Corp.*, 322 F.3d 211, 215 (2d Cir. 2005) (holding "in absence of an enforceable contract, it was appropriate to dismiss . . . cause of action for tortious interference with contractual relations."). In addition, there are no allegations regarding El Al's knowledge of any contract, that it intentionally procured any breach or any identification of the contractual term that was breached.

When the complaint was filed, Okoi was represented by counsel. *See Advanced Marketing Group, Inc. v. Business Payment Systems*, 481 F. Supp.2d 318 (S.D.N.Y. 2007), *aff'd in relevant part, reversed in part,* 2008 WL 4876818 (2d Cir. Nov. 12, 2008). Moreover, nowhere in his opposition to the instant motion does Okoi assert any of these missing elements.[5]

Even construing the claim as one for tortious interference with business relations, which does not require a contract, does not save this claim. To state a cause of action for tortious interference, it must be alleged that the defendant used *wrongful* means to interfere with a business relationship. *Scutti*, 322 F.3d at 216. (citations and internal quotations omitted). In this case, the means used by Defendant to interfere was the initiation of Plaintiff's arrest and criminal prosecution. A claim for malicious, i.e. wrongful, prosecution requires, inter alia, that the prosecution terminate in Plaintiff's favor. *See Riccuti v. New York City Transit Auth.,* 124 F.3d 123, 128-30 (2d Cir. 1997); *Williams v. City of New York Police Dep't*, 2007 WL 2462669, at *1 (E.D.N.Y. Aug. 27, 2007). Because Plaintiff pled guilty, the prosecution did not terminate in Plaintiff's favor, *see id.,* thereby precluding the interference from being wrongful.

The motion to dismiss the claim for tortious interference with contractual relations is granted.

## III. The Claims in the Proposed Complaint

Inasmuch as Plaintiff is proceeding pro se at this point in time, the Court shall examine his proposed complaint to determine whether it contains any viable claims. The Proposed Amended Complaint purports to assert new causes of action for (1) "Discrimination Based on

---

[5] Indeed, Okoi's Proposed Amended Complaint no longer includes a cause of action for intentional interference with contractual relations.

Racial Profiling," because "defendant engaged in discriminatory behavior based on plaintiffs race when Okoi was racially profiled/slurred."  (Proposed Am. Compl. ¶¶ 55-57); (2) "Hostile Work Environment Based on Race"  because "defendant created a hostile work environment for plaintiff based upon race by subjecting him to discriminatory treatment in violation of Title VII of the Civil Rights Act (*id.* at ¶¶ 58-60); and Threatening to Blow-Up El Al Aircraft - False Claim based on Race" because 'Defendant formulated a false threat to blow up an aircraft claim against plaintiff based upon race, by subjecting him to discriminatory treatment, in violation of Title VII of the Civil Rights Act (*id.* at 663).

To the extent Plaintiff seeks to assert Title VII hostile work environment claims against El Al, that attempt is futile.  Under Title VII, it is "an unlawful employment practice for an employer ... to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."  42 U.S.C. § 2000e-2(a).  Consequently, the existence of an employer-employee relationship is a primary element of Title VII claims."  *Gulino v. New York State Educ. Dep't*, 460 F.3d 361, 370 (2d Cir. 2006).  There being no employer-employment relationship between El Al and Okoi, Plaintiff's claims that El Al created a hostile work environment and subjected him to discriminatory treatment in violation of Title VII must fail.  *See id.*   In addition, there is no indication that Plaintiff filed a complaint, timely or untimely, against Defendant with the EEOC, or obtained a right to sue letter.  *See* 42 U.S.C. § 2000e-5(f)(1); *see also Williams v. New York City Housing Authority*, 458 F.3d 67, 70 (2d Cir. 2006).

Remaining then is Plaintiff's cause of action for discriminatory behavior because he was allegedly racially profiled/slurred. Plaintiff does not assert any statutory basis for this claim. Title VII is inapplicable for the reason noted above. Section 1983 is not applicable because there is no allegation that El Al was acting under color of state law. *See* 42 U.S.C. § 1983; *Eagleston v. Guido*, 41 F.3d 865, 872 (2d Cir. 1994). Thus, what remains to be considered is Section 1981.

To state a claim under Section 1981, a plaintiff must allege the following elements: "(1) the plaintiff is a member of a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) the discrimination concerned one or more of the activities enumerated in the statute." *Mian v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 7 F.3d 1085, 1087 (2d Cir. 1983). The enumerated activities are "make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property . . . ." 42 U.S.C.A. § 1981. "Racial discrimination or harassment that affects employment contracts falls within the purview of § 1981." *Lenoble v. Best Temps, Inc.*, 352 F. Supp. 2d 237, 247 (D. Conn. 2005) (citing *Rivers v. Roadway Express*, 511 U.S. 298, 304 (1994); *Whidbee v. Garzarelli Food Specialities, Inc.*, 223 F.3d 62, 72 (2d Cir. 2000).

The Proposed Complaint fails to state a claim under section 1981. There are no factual allegations to support an intent to discriminate on the basis of race. The sole factual allegation that might relate to this claim is the allegation that an El Al security officers stated the problem occurred when a "black man ran past an ELAL (sic) Security Representative posted at the removable stairs that lead to the aircraft door." (Proposed Comp. ¶ 28.) However, the use of Plaintiff's race was as a means of identification permissible under the circumstances. *See generally Brown v. City of Oneonta*, 221 F.3d 329, 337 (2d Cir. 2000) ("[Plaintiffs] were not

questioned solely on the basis of their race. They were questioned on the altogether legitimate basis of a physical description given by the victim of a crime . . . [which] contained not only race, but also gender and age, as well as the possibility of a cut on the hand."); *People v. Johnson*, 102 A.D.2d 616, 478 N.Y.s.2d 987, 992 (4th Dep't 1984) (noting "witnesses and victims frequently describe criminal perpetrators by the color of their skin.").

Having scrutinized Plaintiff's Proposed Complaint, the Court finds that it fails to state any claim.

## CONCLUSION

For the reasons set forth above, Defendant's motion to dismiss is granted. As both Okoi and his former counsel had numerous opportunities to allege a viable claim against Defendant and have failed to do so, further leave to amend shall not be granted. The Clerk of Court is directed to close this case.

Dated: Central Islip, New York
      February 10, 2009

                                        /s/
                                        Denis R. Hurley
                                        Senior District Judge